# Matter of Gabriel ALMANZA-Arenas, Respondent

File A078 755 092 - San Diego, California

*Decided April 13, 2009*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  An alien whose application for relief from removal was filed after the May 11, 2005, effective date of the REAL ID Act of 2005, Division B of Pub. L. No. 109-13, 119 Stat. 231 ("REAL ID Act"), has the burden to prove that he satisfies the applicable eligibility requirements and merits a favorable exercise of discretion under section 240(c)(4)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1229a(c)(4)(A) (2006), and must provide corroborating evidence requested by the Immigration Judge pursuant to section 240(c)(4)(B), unless it cannot be reasonably obtained.

(2) An alien whose application for cancellation of removal under section 240A(b)(1) of the Act, 8 U.S.C. § 1229b(b)(1) (2006), is governed by the provisions of the REAL ID Act, and who has been convicted of an offense under a divisible criminal statute, has the burden to establish that the conviction was not pursuant to any part of the statute that reaches conduct involving moral turpitude, including the burden to produce corroborating conviction documents, such as a transcript of the criminal proceedings, as reasonably requested by the Immigration Judge. *Sandoval-Lua v. Gonzales*, 499 F.3d 1121 (9th Cir. 2007), distinguished.

(3) An alien who has been convicted of a crime involving moral turpitude has been "convicted of an offense under" section 237(a)(2) of the Act, 8 U.S.C. § 1227(a)(2) (2006), and is therefore ineligible for cancellation of removal under section 240A(b)(1)(C), regardless of his status as an arriving alien or his eligibility for a petty offense exception under section 212(a)(2)(A)(ii)(II) of the Act, 8 U.S.C. § 1182(a)(2)(A)(ii)(II) (2006).

FOR RESPONDENT:  Murray D. Hilts, Esquire, San Diego, California

FOR THE DEPARTMENT OF HOMELAND SECURITY: Christopher J. Reeber, Assistant Chief Counsel

BEFORE:  Board Panel:  GRANT, MILLER, and MALPHRUS, Board Members.

GRANT, Board Member:

In a decision dated November 1, 2006, an Immigration Judge found the respondent removable on his own admissions and denied his application for cancellation of removal under section 240A(b)(1) of the Immigration and

Nationality Act, 8 U.S.C. § 1229b(b)(1) (2006), but granted his request for voluntary departure.  The respondent has appealed from that decision.  The Department of Homeland Security ("DHS") filed a brief in opposition to the appeal.  The respondent's appeal will be dismissed.

## I.  FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Mexico who last arrived in the United States without being admitted or paroled after inspection by an immigration officer.  He was convicted of vehicle theft in violation of section 10851(a) of the California Vehicle Code on September 12, 2000.[1]  The record of conviction includes a felony complaint, count I of which charged that the respondent "did unlawfully drive and take a vehicle . . . without the consent of and with intent either permanently or temporarily to deprive the owner of title to and possession of said vehicle."  The written plea agreement indicates that the respondent pled guilty to this count, but that it was reduced to a misdemeanor offense pursuant to section 17(b)(5) of the California Penal Code.  It also indicates that the respondent admitted the charges in count I of the complaint, and that in the space for a description of the facts supporting the charge, the notation "Peo. v. West" is entered, which is a reference to *People v. West*, 477 P.2d 409 (1970).[2]

On February 2, 2005, the DHS filed a Notice to Appear charging that the respondent is subject to removal under section 212(a)(6)(A)(i) of Act, 8 U.S.C. § 1182(a)(6)(A)(i) (2006), as an alien who is present in the United States without being admitted or paroled.  In removal proceedings, the respondent conceded removability and applied for cancellation of removal.  The Immigration Judge denied the respondent's application, concluding that he failed to establish his eligibility for relief under section 240A(b)(1)(C) of the Act, because he failed to prove that he had not been "convicted of an offense" under section 237(a)(2) of the Act, 8 U.S.C. § 1227(a)(2) (2006), i.e., a crime involving moral turpitude.

---

[1]  Section 10851 of the California Vehicle Code prohibits a person from driving or taking another's vehicle without the owner's consent and requires proof of intent to deprive the owner of title or possession, either permanently or temporarily, whether with or without intent to steal the vehicle.  *See United States v. Vidal*, 504 F.3d 1072, 1080 & n.13 (9th Cir. 2007).

[2]  The California Supreme Court has characterized a *People v. West* plea as a plea of nolo contendere that does not establish factual guilt but allows the court to treat the defendant as if he were guilty.  *In re Alvernaz*, 830 P.2d 747 (Cal. 1992); *see also United States v. Vidal*, *supra*, at 1089 (stating that by entering a *West* plea, "a defendant 'demonstrates that he . . . is prepared to admit each of [the offense]'s elements' but not factual guilt" (quoting *People v. West*, *supra*, at 420)).

In reaching his conclusion, the Immigration Judge first noted that the respondent bears the burden of proving that he is statutorily eligible for relief and that he merits a favorable exercise of discretion. In this regard, he concluded that the respondent's application is subject to the provisions of the REAL ID Act of 2005, Division B of Pub. L. No. 109-13, 119 Stat. 231 (enacted May 11, 2005) ("REAL ID Act"), which places the burden of proof on the respondent to show that he "satisfies the applicable eligibility requirements" for an application for relief from removal pursuant to section 240(c)(4)(A)(i) of the Act, 8 U.S.C. § 1229a(c)(4)(A)(i) (2006). Furthermore, he noted that under section 240(c)(4)(B) of the Act, when an Immigration Judge determines that corroborating evidence is required, the respondent must provide such evidence unless he demonstrates that he does not have the evidence and cannot reasonably obtain it.

The Immigration Judge then turned to the question whether the respondent's offense was a crime involving moral turpitude. He determined that section 10851 of the California Vehicle Code is a divisible statute because it could include the act of joyriding—defined as a crime of general intent to temporarily use a vehicle without authorization—as well as an actual theft offense, which requires a specific intent to deprive the owner vehicle of title to or possession of a vehicle, either temporarily or permanently.[3] Because the respondent failed to provide evidence to prove that his crime was outside the scope of "theft," and thus not a crime involving moral turpitude, the Immigration Judge concluded that he failed to establish his eligibility for cancellation of removal.

## II. ISSUE

The issue on appeal is whether the Immigration Judge erred in finding that the respondent failed to meet his burden of proving that he was not convicted of a crime involving moral turpitude in order to establish his eligibility for cancellation of removal.

---

[3] Neither the DHS nor the respondent has contested the analysis of the Immigration Judge in this regard, and we see no reason to disturb it. *See Matter of Silva-Trevino*, 24 I&N Dec. 687 (A.G. 2008) ("[I]n evaluating whether an alien's prior offense is categorically one that involved moral turpitude, immigration judges should determine whether there is a 'realistic probability, not a theoretical possibility,' that a State or Federal criminal statute would be applied to reach conduct that does not involve moral turpitude." (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007), which also declined to address whether section 10851 applies to joyriding as well as theft because it was outside the scope of the question presented)); *cf. Matter of V-Z-S-*, 22 I&N Dec. 1338 (BIA 2000) (finding that a conviction under section 10851 of the California Vehicle Code was for a theft offense).

### III. ANALYSIS

We review the Immigration Judge's findings of fact, including questions regarding the credibility of testimony, under the "clearly erroneous" standard, while we review de novo questions of law, discretion, and judgment. *See Matter of V-K-*, 24 I&N Dec. 500 (BIA 2008); *Matter of A-S-B-*, 24 I&N Dec. 493 (BIA 2008); 8 C.F.R. § 1003.1(d)(3) (2008).

The respondent first argues that the Immigration Judge improperly applied the provisions of the REAL ID Act regarding the burden of proof to his case, because his Notice to Appear was filed on February 2, 2005, prior to the passage of the REAL ID Act. The REAL ID Act applies to all applications for relief filed on or after May 11, 2005, the effective date of its enactment. REAL ID Act § 101(h)(2), 119 Stat. at 305 (providing that the statute applies to applications "made on or after such date"); *see also Matter of S-B-*, 24 I&N Dec. 42, 43 n.2 (BIA 2006) (noting legislative history equating the term "made" with the term "filed"). Contrary to the respondent's argument, it is the date the application for relief was filed that governs, rather than the date the Notice to Appear was filed. Because the respondent's application for relief was filed on January 18, 2006, the REAL ID Act provisions clearly apply to his case. *Cf. Sandoval-Lua v. Gonzales*, 499 F.3d 1121, 1132 n.10 (9th Cir. 2007) (finding that the REAL ID Act did not apply to an application for cancellation of removal filed before its effective date).

The respondent next asserts that the Immigration Judge erred in requiring him to produce further evidence from the record of his criminal conviction, evidence that could resolve whether he was convicted under those elements of section 10851 that reach morally turpitudinous conduct. He contends that because his plea under *People v. West*, *supra*, does not require a finding of "factual guilt," *see supra* note 2, further evidence such as a plea colloquy could not be determinative of whether he was "convicted" of joyriding or theft.

It has been noted that a plea entered pursuant to *People v. West* is ambiguous with regard to the specific facts to which a criminal defendant has pled. *See, e.g.*, *United States v. Vidal*, 504 F.3d 1072, 1089 (9th Cir. 2007) ("By entering a *West* plea, a defendant '[does] not admit the specific details about his conduct on the . . . counts [to which] he pled guilty.'" (quoting *Carty v. Nelson*, 425 F.3d 1064, 1068 (9th Cir. 2005)). For this reason, the United States Court of Appeals for the Ninth Circuit held that such a plea, without the transcript of the plea hearing, was insufficient to meet the *Government's* burden of proof to establish that a conviction under section 10851 was for a "theft offense" for purposes of imposing a sentence enhancement on the basis of a conviction for an aggravated felony. *Id.* at 1088-89. In this case, however, the respondent is seeking discretionary relief from removal, so *he* bears the burden of proof under sections 240(c)(4)(A)(i) and 240A(b)(1)(C) of the Act to establish that his offense was not "theft" and

therefore was not a crime involving moral turpitude. Furthermore, under section 240(c)(4)(B), he also has the burden to produce corroborating evidence requested by the Immigration Judge to support his claim and must explain why any such evidence was not available if it is not submitted.

In light of the ambiguity in the respondent's conviction record resulting from the notation to *People v. West*, it was appropriate for the Immigration Judge to require the respondent, who bore the burden of proof, to produce more specific evidence, including the plea colloquy. As the Ninth Circuit indicated in *United States v. Vidal*, *supra*, at 1088-90, a *West* plea is not definitive and does not necessarily indicate that the defendant has pled to the minimal conduct that may be charged under the statute. Thus, the court concluded that evidence such as the transcript of a plea hearing would be required to clarify the ambiguity that such a plea presents. *Id.* at 1089. Contrary to the respondent's arguments, therefore, the Ninth Circuit clearly would find such evidence relevant and would not consider it to be foreclosed by the entry of a "*People v. West*" notation on the plea agreement.

There is no question that the Immigration Judge explained on the record that the respondent was expected to obtain additional conviction documents, including a transcript of his criminal proceeding, and continued the case to give him ample opportunity to comply.[4] However, the respondent did not submit the requested documentation at the resumed hearing and gave no reason for failing to do so. Under these circumstances, we agree with the Immigration Judge that in failing to meet his burden to produce the requested evidence, the respondent has failed to meet his burden of proof to establish that he was not convicted of a crime involving moral turpitude. Sections 240(c)(4)(A)(i), (B) of the Act. Consequently, we concur with the Immigration Judge that the respondent falls within the provisions of section 237(a)(2) of the Act and is therefore ineligible for cancellation of removal under section 240A(b)(1)(C).

We recognize that the Ninth Circuit, in *Sandoval-Lua v. Gonzales*, *supra*, held that a convicted alien who has applied for cancellation of removal under section 240A(a) of the Act meets his burden of proof to establish that his conviction is not for an aggravated felony when he produces an "inconclusive" record of conviction. *Id.* at 1130. "By submitting an inconclusive record of conviction, Lua has affirmatively proven under the modified categorical analysis that he was not necessarily 'convicted of any aggravated felony.'" *Id.* We do not consider this holding to be binding in this case. First, *Sandoval-Lua* was not governed by the burden of proof requirements of the REAL ID Act.

---

[4] By specifying on the record the documents that he expected the respondent to produce and granting the respondent, who was represented by counsel, a continuance to obtain the documents, the Immigration Judge followed a procedure that we find appropriate and would encourage.

*Id.* at 1132 n.10. Moreover, in this case, in the face of a partial and inconclusive record of conviction, the Immigration Judge made a specific request, pursuant to the corroboration requirements in section 240(c)(4)(B) of the Act, for the respondent to produce additional documents from the record of conviction. No such request was evident in *Sandoval-Lua.*[5] Simply put, we do not believe that a respondent, bound by the requirements of the REAL ID Act, can satisfy his burden of proof by producing the inconclusive portions of a record of conviction, and by failing to comply with an appropriate request from the Immigration Judge to produce the more conclusive portions of that record. To hold otherwise would allow the respondent to pick and choose, to his advantage, the portions of evidence relevant to the determination of his eligibility for relief.

Finally, the respondent contends that because he is an "arriving alien," he should not be barred from establishing eligibility for cancellation of removal under section 240A(b)(1)(C) of the Act on the basis that his conviction is one "under" section 237(a)(2). The respondent asserts that as an arriving alien, he is subject only to the grounds of inadmissibility under section 212(a) and thus that the "petty offense exception" in section 212(a)(2)(A)(ii)(II) of the Act should apply in determining whether his conviction should make him ineligible for relief. We are unpersuaded by this argument and find that the Ninth Circuit's decision to the contrary in *Gonzalez-Gonzalez v. Ashcroft*, 390 F.3d 649, 650-53 (9th Cir. 2004), is controlling. In that case, the court concluded that the most logical reading of 240A(b)(1)(C) is that it applies to aliens "'convicted of an offense *described* under' each of the three sections" enumerated in the statute.[6] *Id.* at 652 (quoting our decision in the case). Because the respondent failed to establish that he was not convicted of a crime involving moral turpitude, he falls within the provisions of section 237(a)(2) of the Act. The fact that he is an arriving alien and that his conviction might be considered to be for a petty offense for purposes of establishing his admissibility is therefore irrelevant for purposes of determining whether he is eligible for cancellation of removal under section 240A(b)(1)(C). Consequently, we conclude that the Immigration Judge correctly found the respondent to be ineligible for that relief from removal. Accordingly, the respondent's appeal will be dismissed.

---

[5] We do not read the Ninth Circuit's decision in *Sandoval-Lua* as permitting a respondent to default on a requirement by an Immigration Judge to produce available documents from the record of conviction, including the transcript of the proceedings, in violation of section 240(c)(4)(B) of the Act, because it would be inconsistent with the provisions of the REAL ID Act.

[6] Section 240A(b)(1)(C) of the Act provides that an alien may be eligible for cancellation of removal if he can establish that he "has not been convicted of an offense under section 212(a), 237(a)(2), or 237(a)(3)" of the Act.

**ORDER:**  The appeal is dismissed**.**

**FURTHER ORDER:**  Pursuant to the Immigration Judge's order and conditioned upon compliance with conditions set forth by the Immigration Judge and the statute, the respondent is permitted to voluntarily depart the United States, without expense to the Government, within 60 days from the date of this order or any extension beyond that time as may be granted by the DHS.  *See* section 240B(b) of the Act, 8 U.S.C. § 1229c(b) (2006); *see also* 8 C.F.R. §§ 1240.26(c), (f) (2008).  In the event the respondent fails to voluntarily depart the United States, the respondent shall be removed as provided in the Immigration Judge's order.

**NOTICE:**  If the respondent fails to voluntarily depart the United States within the time period specified, or any extensions granted by the DHS, the respondent shall be subject to a civil penalty as provided by the regulations and the statute and shall be ineligible for a period of 10 years for any further relief under section 240B and sections 240A, 245, 248, and 249 of the Act, 8 U.S.C. §§ 1229b, 1255, 1258, and 1259 (2006).  *See* section 240B(d) of the Act.

**WARNING:**  If the respondent files a motion to reopen or reconsider prior to the expiration of the voluntary departure period set forth above, the grant of voluntary departure is automatically terminated; the period allowed for voluntary departure is not stayed, tolled, or extended.  If the grant of voluntary departure is automatically terminated upon the filing of a motion, the penalties for failure to depart under section 240B(d) of the Act shall not apply.  *See* Voluntary Departure:  Effect of a Motion To Reopen or Reconsider or a Petition for Review, 73 Fed. Reg. 76,927, 76,937-38 (Dec. 18, 2008) (to be codified at 8 C.F.R. §§ 1240.26(c)(3)(iii), (e)(1)).

**WARNING:**  If, prior to departing the United States, the respondent files any judicial challenge to this administratively final order, such as a petition for review pursuant to section 242 of the Act, 8 U.S.C. § 1252 (2006), the grant of voluntary departure is automatically terminated, and the alternate order of removal shall immediately take effect.  However, if the respondent files a petition for review and then departs the United States within 30 days of such filing, the respondent will not be deemed to have departed under an order of removal if the alien provides to the DHS such evidence of his or her departure that the Immigration and Customs Enforcement Field Office Director of the DHS may require and provides evidence DHS deems sufficient that he or she has remained outside of the United States. The penalties for failure to depart under section 240B(d) of the Act shall not apply to an alien who files a petition for review, notwithstanding any period of time that he or she remains in the United States while the petition for review is pending.  *See* 73 Fed. Reg. at 76,938 (to be codified at 8 C.F.R. § 1240.26(i)).