# Matter of Maria De Jesus CORTEZ Canales, Respondent

File A094 374 872 - San Francisco, California

*Decided August 13, 2010*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)    An alien who has been convicted of a crime involving moral turpitude for which a sentence of a year or longer may be imposed has been convicted of an offense "described under" section 237(a)(2) of the Act, 8 U.S.C. § 1227(a)(2) (2006), and is therefore ineligible for cancellation of removal under section 240A(b)(1)(C) of the Act, 8 U.S.C. § 1229b(b)(1)(C) (2006), regardless of the alien's eligibility for the petty offense exception under section 212(a)(2)(A)(ii)(II) of the Act, 8 U.S.C. § 1182(a)(2)(A)(ii)(II) (2006). *Matter of Almanza*, 24 I&N Dec. 771 (BIA 2009), clarified. *Matter of Gonzalez-Zoquiapan*, 24 I&N Dec. 549 (BIA 2008); *Matter of Gonzalez-Silva*, 24 I&N Dec. 218 (BIA 2007); and *Matter of Garcia-Hernandez*, 23 I&N Dec. 590 (BIA 2003), explained.

(2) In determining which offenses are "described under" sections 212(a)(2), 237(a)(2), and 237(a)(3) of the Act for purposes of section 240A(b)(1)(C) of the Act, only language specifically pertaining to the criminal offense, such as the offense itself and the sentence imposed or potentially imposed, should be considered.

(3)  The respondent's misdemeanor conviction for welfare fraud in violation of section 10980(c)(2) of the California Welfare and Institutions Code rendered her ineligible for cancellation of removal under section 240A(b)(1)(C) of the Act, because it was for a crime involving moral turpitude for which she could have been sentenced to a year in county jail and was therefore for an offense "described under" section 237(a)(2) of the Act.

FOR RESPONDENT: Bruce C. Wong, Esquire, San Francisco, California

FOR THE DEPARTMENT OF HOMELAND SECURITY: Catherine J. Lull, Assistant Chief Counsel

BEFORE: Board Panel: ADKINS-BLANCH, WENDTLAND, and GUENDELSBERGER, Board Members.

ADKINS-BLANCH, Board Member:

In a decision dated March 30, 2009, an Immigration Judge found the respondent removable but granted her application for cancellation of removal

under section 240A(b) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b) (2006). The Department of Homeland Security ("DHS") has appealed from that decision. The DHS's appeal will be sustained and the record will be remanded to the Immigration Judge.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Mexico who entered the United States without being admitted after inspection by an immigration officer in March 1982. The record reflects that she was convicted on a plea of nolo contendere to welfare fraud in violation of section 10980(c)(2) of the California Welfare and Institutions Code on March 2, 2007.[1] On May 9, 2007, the DHS issued a Notice to Appear (Form I-862), charging that the respondent was removable under sections 212(a)(2)(A)(i)(I) and (6)(A)(i) of the Act, 8 U.S.C. §§ 1182(a)(2)(A)(i)(I) and (6)(A)(i) (2006), as an alien who was convicted of a crime involving moral turpitude and who was present in the United States without being admitted or paroled. On August 21, 2007, the respondent's motion to reduce her offense to a misdemeanor was granted, the imposition of her sentence was suspended, and she was placed on 5 years of probation on certain conditions, which included imprisonment for 60 days and the payment of restitution.

In removal proceedings, the Immigration Judge found the respondent removable on her own admissions for being present in the United States without admission or parole. However, the Immigration Judge dismissed the charge based on her conviction for a crime involving moral turpitude, concluding that the conviction fell within the petty offense exception of section 212(a)(2)(A)(ii)(II) of the Act. Finding that the respondent was statutorily eligible for cancellation of removal and that she merited a favorable exercise of discretion, the Immigration Judge granted her application for relief.

## II. ISSUE

The issue on appeal is whether the respondent's conviction for welfare fraud renders her ineligible for cancellation of removal under section 240A(b)(1)(C) of the Act because it is a conviction for an offense described under section 237(a)(2) of the Act, 8 U.S.C. § 1227(a)(2) (2006). The DHS

---

[1] The maximum penalty possible under section 10980(c)(2) of the California Welfare and Institutions Code is: (1) for a felony, imprisonment in the State prison for up to 3 years, a fine of not more than $5,000, or both imprisonment and a fine; or (2) for a misdemeanor, imprisonment in the county jail for not more than 1 year, a fine of not more than $1,000, or both imprisonment and a fine.

argues that the respondent's conviction is for a crime involving moral turpitude under section 237(a)(2) and renders her statutorily ineligible for cancellation of removal under section 240A(b)(1)(C) pursuant to our decision in *Matter of Almanza*, 24 I&N Dec. 771 (BIA 2009). The DHS further argues that the Immigration Judge erred in finding that the respondent demonstrated that she was a person of good moral character, that one of her qualifying relatives would suffer exceptional and extremely unusual hardship if she is removed, and that a favorable exercise of discretion was warranted.

In response to the DHS's arguments, the respondent asserts that her welfare fraud conviction does not pose a bar to her eligibility for cancellation of removal under section 240A(b)(1)(C) of the Act. Specifically, she maintains that our decision in *Matter of Almanza* ignores the plain language of sections 237(a)(2)(A)(i)(I) and (II), which require that the alien be convicted of a crime involving moral turpitude within 5 years of admission and that the conviction be one for which a sentence of 1 year or longer may be imposed. The respondent further argues that our holding in *Matter of Almanza* is inconsistent with prior precedent decisions, including *Matter of Garcia-Hernandez*, 23 I&N Dec. 590 (BIA 2003), *Matter of Gonzalez-Silva*, 24 I&N Dec. 218 (BIA 2007), and *Matter of Gonzalez-Zoquiapan*, 24 I&N Dec. 549 (BIA 2008). Lastly, she contends that the Immigration Judge's rulings regarding good moral character, hardship, and the exercise of discretion were correct. We will address only the question of the respondent's statutory eligibility for cancellation of removal under section 240A(b)(1)(C), which we review de novo. 8 C.F.R. § 1003.1(d)(3)(ii); *see also Matter of A-S-B-*, 24 I&N Dec. 493 (BIA 2008).

## III.  ANALYSIS

### A.  Legal Background

Section 240A(b)(1)(C) of the Act provides that cancellation of removal is available only if the alien "has not been convicted of an offense under section 212(a)(2), 237(a)(2), or 237(a)(3)." Both the Board and the United States Court of Appeals for the Ninth Circuit, in whose jurisdiction this case arises, have issued precedent decisions interpreting the meaning of section 240A(b)(1)(C). In *Matter of Garcia-Hernandez*, 23 I&N Dec. 590, we found that an alien who has committed a crime involving moral turpitude that falls within the "petty offense" exception in section 212(a)(2)(A)(ii)(II) of the Act is not ineligible for cancellation of removal under section 240A(b)(1)(C), because he has not been convicted of an offense

under section 212(a)(2).[2]  Specifically, we concluded that the plain language of section 240A(b)(1)(C) incorporated the entirety of section 212(a)(2), including the exception for petty offenses set forth therein.  *Id.* at 593.

Subsequently, in *Gonzalez-Gonzalez v. Ashcroft*, 390 F.3d 649, 652 (9th Cir. 2004), the Ninth Circuit held that the plain language of section 240A(b)(1)(C) of the Act indicates that it should be read to cross-reference a list of offenses in three statutes, rather than the statutes as a whole.  The Ninth Circuit reasoned that the most logical reading of section 240A(b)(1)(C) is that it applies to aliens "convicted of an offense described under" either section 212(a)(2), 237(a)(2), or 237(a)(3) of the Act.  *Id.*  Based on its interpretation of the plain language of the statute, the Ninth Circuit found that the alien, who was charged with inadmissibility under section 212(a)(6)(A)(i), was ineligible for cancellation of removal because his conviction for a domestic violence-related offense was described under section 237(a)(2)(E)(i) of the Act.  *Id.*

We adopted the Ninth Circuit's reasoning in *Gonzalez-Gonzalez* and added a corollary in *Matter of Gonzalez-Silva*, 24 I&N Dec. 218, where we held that an offense can be one "described under" section 237(a)(2)(E)(i) of the Act (domestic violence-related offenses) only if the conviction for that offense occurred after September 30, 1996, the effective date of section 350 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-639 ("IIRIRA"), which added section 237(a)(2)(E)(i) to the Act.  Because the alien's 1994 conviction preceded the effective date of section 237(a)(2)(E)(i), we concluded that the alien had not been "convicted of an offense under" that section within the meaning of section 240A(b)(1)(C) of the Act.  *Id.* at 220.

Next, in *Matter of Gonzalez-Zoquiapan*, 24 I&N Dec. 549, we found that an alien's misdemeanor conviction for disorderly conduct relating to prostitution, for which he was sentenced to probation, did not render him inadmissible under section 212(a)(2)(D)(ii) of the Act or ineligible for cancellation of removal under section 240A(b)(1)(C). Relying on our previous

---

[2] Section 212(a)(2)(A)(ii) of the Act, which sets forth the petty offense exception, provides, in pertinent part, as follows:

> Exception
>
> Clause (i)(I) shall not apply to an alien who committed only one crime if —
>
> . . .
>
>    (II) the maximum penalty possible for the crime of which the alien was convicted . . . did not exceed imprisonment for one year and . . . the alien was not sentenced to a term of imprisonment in excess of 6 months (regardless of the extent to which the sentence was ultimately executed).

decision in *Matter of Garcia-Hernandez*, 23 I&N Dec. 590, we stated that even if the alien's conviction was for a crime involving moral turpitude, he was not ineligible for cancellation of removal because the conviction qualified for the petty offense exception. *Id.* at 554.

Most recently, in *Matter of Almanza*, 24 I&N Dec. at 776, we found that the alien was ineligible for cancellation of removal under section 240A(b)(1)(C) of the Act, because his conviction for a crime involving moral turpitude was described under section 237(a)(2)(A)(i), even though it fell under the petty offense exception in section 212(a)(2)(A)(ii)(II). The alien was convicted of vehicle theft and was charged with inadmissibility under section 212(a)(6)(A)(i). We agreed with the Immigration Judge that although the alien's conviction was subject to the petty offense exception, it was one "described under" section 237(a)(2), which does not contain a provision similar to the petty offense exception in section 212(a)(2)(A)(ii)(II). In reaching our decision, we rejected the respondent's argument that because he was an arriving alien charged with inadmissibility under section 212(a)(6)(A)(i) of the Act, his offense could not be considered one "described under" section 237(a)(2).

## B. Eligibility for Cancellation of Removal Under Section 240A(b)(1)(C) of the Act

The record reflects that the respondent was convicted in 2007 of welfare fraud in violation of section 10980(c)(2) of the California Welfare and Institutions Code. At the time of the respondent's offense, that section of the statute provided, in pertinent part, as follows:

> Whenever any person has, willfully and knowingly, with the intent to deceive, by means of false statement or representation, or by failing to disclose a material fact, or by impersonation or other fraudulent device, obtained or retained aid under the provisions of this division for himself or herself or for a child not in fact entitled thereto, the person obtaining this aid shall be punished as follows:
>
>    . . . .
>    (2) If the total amount of the aid obtained or retained is more than four hundred dollars ($400), by imprisonment in the state prison for a period of 16 months, two years, or three years, by a fine of not more than five thousand dollars ($5,000), or by both imprisonment and fine; or by imprisonment in the county jail for a period of not more than one year, by a fine of not more than one thousand dollars ($1,000), or by both imprisonment and fine.

Cal. Welf. & Inst. Code § 10980(c)(2) (West 2007).

The Immigration Judge found that the respondent's conviction for welfare fraud was for a crime involving moral turpitude, but she concluded that the petty offense exception under section 212(a)(2)(A)(ii)(II) of the Act applied. Based on her conclusion that the respondent's conviction was subject to the

petty offense exception, the Immigration Judge found that the respondent was not ineligible for cancellation of removal pursuant to section 240A(b)(1)(C) of the Act for conviction of an offense under section 212(a)(2), 237(a)(2), or 237(a)(3).

We concur with the Immigration Judge's conclusion that the respondent's welfare fraud is a crime involving moral turpitude, because it has as an element the intent to defraud. *See McNaughton v. INS*, 612 F.2d 457, 459 (9th Cir. 1980) ("A crime having as an element the intent to defraud clearly is one involving moral turpitude."). We also agree with the Immigration Judge that the respondent's conviction qualifies for the petty offense exception under section 212(a)(2)(A)(ii)(II) of the Act, because it was explicitly declared to be for a misdemeanor offense and the respondent was placed on probation with conditions that included serving 60 days' imprisonment. *See Garcia-Lopez v. Ashcroft*, 334 F.3d 840, 845 (9th Cir. 2003) (holding that a wobbler offense qualified for the petty offense exception when the State court's post-probation actions made the offense a misdemeanor). However, we find that the respondent is ineligible for cancellation of removal under section 240A(b)(1)(C) of the Act under our decision in *Matter of Almanza*, 24 I&N Dec. 771, which was issued after the Immigration Judge's decision.

On appeal, the DHS argues that *Matter of Almanza* is controlling and renders the respondent ineligible for cancellation of removal on account of her conviction for a crime involving moral turpitude. The respondent maintains that *Matter of Almanza* is flawed, because the decision fails to adequately explain the basis for its holding. Specifically, the respondent asserts that *Matter of Almanza* does not consider the full language of section 237(a)(2)(A)(i) of the Act in determining that the alien is described under that section, and it does not address or acknowledge previous Board precedent decisions interpreting section 240A(b)(1)(C) of the Act, including *Matter of Garcia Hernandez*, *Matter of Gonzalez-Silva*, and *Matter of Gonzalez-Zoquiapan*. In light of the respondent's arguments, we will take this opportunity to explain our interpretation of the language of section 240A(b)(1)(C) and clarify the analysis underlying our decision in *Matter of Almanza*.

We will first address the respondent's argument that we failed to consider the full language of section 237(a)(2)(A)(i) of the Act in *Matter of Almanza* in finding that the respondent was "described under" that section. Specifically, the respondent contends that section 237(a)(2)(A)(i) requires that an alien be "convicted of a crime involving moral turpitude committed within five years . . . after the date of admission" and "for which a sentence of one year or longer may be imposed."

In *Matter of Almanza*, we held that an alien who had been convicted of a crime involving moral turpitude had "been convicted of an offense under section 237(a)(2) of the Act" and was therefore ineligible for cancellation of removal pursuant to section 240A(b)(1)(C), regardless of whether the alien had status as an arriving alien or was eligible for the petty offense exception under section 212(a)(2)(A)(ii)(II). The alien in that case—who, like the respondent, had never been admitted to the United States—was convicted of vehicle theft in violation of section 10851(a) of the California Vehicle Code, which is punishable "by imprisonment in a county jail for not more than one year or in the state prison or by a fine of not more than five thousand dollars ($5,000), or by both the fine and imprisonment."

Although we did not fully articulate the analysis underlying our determination in *Matter of Almanza* that the alien's conviction was one "described under" section 237(a)(2)(A)(i) of the Act, our decision was implicitly based on our conclusion that in determining which offenses are "described under" sections 212(a)(2), 237(a)(2), and 237(a)(3) of the Act for purposes of section 240A(b)(1)(C), only language specifically pertaining to the criminal offense, such as the offense itself and the sentence imposed or potentially imposed, should be considered. That is, our decision was consistent with a finding that the statutory language of sections 212(a)(2), 237(a)(2), and 237(a)(3) pertaining only to aspects of immigration law, such as the requirement that the alien's crime be committed "within five years . . . after the date of admission," is not considered.

Under this formulation, in order for an offense to be "described under" section 237(a)(2)(A)(i) of the Act and thus render the alien ineligible for cancellation of removal under section 240A(b)(1)(C), the alien must have been convicted of an offense that qualifies as a crime involving moral turpitude and the offense must be punishable by a sentence to imprisonment for a year or longer. Conversely, an alien who has been convicted of a crime involving moral turpitude for which the maximum sentence possible would be less than 1 year, and which qualifies under the petty offense exception, would not be convicted of an offense "described under" either section 212(a)(2) or 237(a)(2) of the Act and would therefore not be barred from cancellation of removal under section 240A(b)(1)(C), if otherwise eligible.[3] Because the alien in *Matter of Almanza* was convicted of a crime involving moral turpitude for which a sentence of a year or longer could have been imposed, he was

---

[3] In *Matter of Pedroza*, 25 I&N Dec. 312 (BIA 2010), a decision issued today in a companion case, we held that the respondent's conviction for a crime involving moral turpitude was not described under either section 212(a)(2) or 237(a)(2)(A)(i) of the Act where the maximum possible sentence for his conviction was less than 1 year and he was sentenced to 10 days in jail.

ineligible for cancellation of removal pursuant to section 240A(b)(1)(C) of the Act as an alien described under section 237(a)(2)(A)(i).

Our interpretation is consistent with the plain meaning of section 240A(b)(1)(C) of the Act, as understood by the Ninth Circuit in *Gonzalez-Gonzalez v. Ashcroft*, 390 F.3d 649. In analyzing whether the inadmissible alien was described under section 237(a)(2)(E)(i) of the Act, the Ninth Circuit did not include the language in that section requiring that the alien be admitted to the United States as a part of the "description" of the offense.[4] Rather, the court focused on the elements of the domestic violence-related offense committed by the alien. *See also Vasquez-Hernandez v. Holder*, 590 F.3d 1053 (9th Cir. 2010) (finding an inadmissible alien ineligible for cancellation of removal under section 240A(b)(1)(C) of the Act because his conviction was "described under" section 237(a)(2)(E)(i)). The decision to exclude the immigration-related provisions from the description of the offense clearly follows from the Ninth Circuit's conclusion that the plain language of section 240A(b)(1)(C) of the Act should be read to cross-reference a list of offenses in three statutes, rather than the statutes as a whole. *See Gonzalez-Gonzalez v. Ashcroft*, 390 F.3d at 652.

This interpretation is further supported by the statutory language in section 240A(d)(1) of the Act, the so-called "stop-time rule." Specifically, section 240A(d)(1), which requires that an alien be "render[ed] . . . inadmissible to the United States under section 212(a)(2) or removable from the United States under section 237(a)(2) or 237(a)(4)," clearly evidences Congress' understanding of how to draft statutory language requiring an alien to be inadmissible or removable under a specific charge in section 212 or 237 of the Act. *See K Mart Corp. v. Cartier*, 486 U.S. 281, 291 (1988) ("In ascertaining the plain meaning of a statute, the court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole."). Since Congress did not include language requiring that an alien be inadmissible or removable in section 240A(b)(1)(C), it is clear that it did not intend for the immigration-related elements of section 212(a)(2), 237(a)(2), or 237(a)(3) to be included in the "description" of the offense. Moreover, we find that even if the language of section 240A(b)(1)(C) were found to be ambiguous, we would interpret it in the same manner.

We next address the respondent's assertion that our interpretation of section 240A(b)(1)(C) of the Act conflicts with the holdings of our prior precedent decisions, particularly *Matter of Garcia-Hernandez*,

---

[4] Section 237(a)(2)(E)(i) of the Act provides, inter alia, that "[a]ny alien who at any time *after admission* is convicted of a crime of domestic violence, a crime of stalking, or a crime of child abuse, child neglect, or child abandonment is deportable." (Emphasis added.)

*Matter of Gonzalez-Zoquiapan*, and *Matter of Gonzalez-Silva*. In *Matter of Garcia-Hernandez*, 23 I&N Dec. 590, we held that an alien who has committed a crime involving moral turpitude that falls within the "petty offense" exception in section 212(a)(2)(A)(ii)(II) of the Act is not ineligible for cancellation of removal under section 240A(b)(1)(C), because he has not been convicted of an offense under section 212(a)(2). The respondent argues that like the alien in *Matter of Garcia-Hernandez*, she should be eligible for cancellation of removal because she entered without inspection, she was convicted of a crime involving moral turpitude with a potential sentence of a year, and her conviction fell under the petty offense exception.

The respondent is correct that the facts underlying her case and those in *Matter of Almanza* are similar to those in *Matter of Garcia-Hernandez*. However, the specific issue posed in *Matter of Almanza* (whether an inadmissible alien's conviction for a crime involving moral turpitude that was subject to the "petty offense" exception would render the alien ineligible for cancellation of removal as an offense described under section 237(a)(2) of the Act) was not raised by the parties in *Matter of Garcia-Hernandez*. Rather, our analysis in that case was limited to whether the alien's conviction was for a crime involving moral turpitude, as described under section 212(a)(2) of the Act. Therefore, our decision in *Matter of Almanza* is properly viewed as providing further guidance on the analysis required under section 240A(b)(1)(C) for determining whether an alien has been convicted of an offense described under either section 212(a)(2), 237(a)(2), or 237(a)(3), not as being inconsistent with our decision in *Matter of Garcia-Hernandez*.[5]

Similarly, our decision in *Matter of Gonzalez-Zoquiapan*, 24 I&N Dec. 549, which was published after the Ninth Circuit's decision in *Gonzalez-Gonzalez v. Ashcroft*, 390 F.3d 649, is not inconsistent with our decision in *Matter of Almanza*. In *Matter of Gonzalez-Zoquiapan*, the alien was convicted of the misdemeanor offense of disorderly conduct relating to prostitution in violation of section 647(b) of the California Penal Code and was sentenced to probation. The critical part of our decision held that the alien's conviction did not render him inadmissible under section 212(a)(2)(D)(ii) of the Act. However, we stated in dicta that even if the respondent's conviction was for a crime involving moral turpitude, an issue that was not addressed by the Immigration Judge, he would not be precluded from establishing eligibility

---

[5] In fact, on remand from our decision in *Matter of Garcia-Hernandez*, the Immigration Judge concluded that the alien was ineligible for cancellation of removal because his conviction was for an offense described under section 237(a)(2)(E) of the Act, which rendered him ineligible for cancellation of removal under section 240A(b)(1)(C). We affirmed the Immigration Judge's decision in that case.

for cancellation of removal under section 240A(b)(1)(C) of the Act, because his conviction would qualify for the petty offense exception under section 212(a)(2)(A)(ii)(II). While we did not specifically analyze whether the alien's conviction in *Matter of Gonzalez-Zoquiapan* was described under section 237(a)(2)(A)(i) of the Act, the alien would have remained eligible for cancellation of removal under section 240A(b)(1)(C), because the maximum penalty possible for his misdemeanor conviction was less than 1 year of imprisonment. *See* Cal. Penal Code § 19 (West 2010) (providing that "[e]xcept in cases where a different punishment is prescribed by any law of this state, every offense declared to be a misdemeanor is punishable by imprisonment in the county jail not exceeding six months, or by fine not exceeding one thousand dollars ($1,000), or by both").

Lastly, our decision in *Matter of Almanza* is consistent with our decision in *Matter of Gonzalez-Silva*, 24 I&N Dec. 218. We disagree with the respondent's contention that *Matter of Gonzalez-Silva* stands for the proposition that for a conviction to be a bar to cancellation of removal, it must be encompassed by the full language of the applicable ground of inadmissibility or removability. In that case we held that an offense can be one "described under" section 237(a)(2)(E)(i) of the Act (domestic violence-related offenses) only if the conviction for that offense occurred after the September 30, 1996, effective date of that section. In reaching our decision, we recognized that Congress expressly stated that section 237(a)(2)(E)(i) of the Act applies only to those convictions occurring after the September 30, 1996, effective date of the IIRIRA. *See* IIRIRA § 350(b), 110 Stat. at 3009-640. Given this express statement of congressional intent, we held that a conviction for a domestic violence-related offense occurring on or prior to September 30, 1996, would not be "described under" section 237(a)(2)(E)(i) of the Act. *See Matter of Gonzalez-Silva*, 24 I&N Dec. at 220.

Thus, under *Matter of Gonzalez-Silva*, the effective date of section 237(a)(2)(E)(i) of the Act is the overarching consideration in determining whether the alien's offense is one "described under" section 237(a)(2). Only after it is determined that an alien's conviction for a domestic violence-related offense occurred after the September 30, 1996, effective date would either the criminal or immigration-related aspects of section 237(a)(2)(E)(i) be considered. Under this formulation, where an alien's conviction precedes the effective date of section 237(a)(2)(E)(i) of the Act, the criminal and immigration-related aspects of that section would be irrelevant, because the conviction cannot serve to bar the alien from cancellation of removal under section 240A(b)(1)(C). For this reason, we find unpersuasive the respondent's contention that *Matter of Gonzalez-Silva* requires that the immigration-related aspects of an inadmissibility or deportability charge (e.g., the requirement that the offense be committed within 5 years of admission) be considered

in determining which offenses constitute a bar to cancellation of removal under section 240A(b)(1)(C).

## IV.  CONCLUSION

The respondent's misdemeanor conviction for welfare fraud constitutes a conviction for a crime involving moral turpitude for which she could have been sentenced to a year in county jail.  Even though the conviction is not "described under" section 212(a)(2) of the Act because it falls under the petty offense exception, we conclude that the respondent has been convicted of an offense "described under" section 237(a)(2) of the Act.  Therefore, the respondent is ineligible for cancellation of removal pursuant to section 240A(b)(1)(C).  In light of the foregoing, we need not reach the DHS's remaining arguments regarding good moral character, hardship, and the exercise of discretion.  Accordingly, the DHS's appeal will be sustained and the record will be remanded to the Immigration Judge for the sole purpose of determining whether the respondent is eligible for voluntary departure or, in the alternative, for the entry of a final order of removal.

**ORDER:** The appeal of the Department of Homeland Security is sustained.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.