[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11935
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 10, 2012
JOHN LEY
CLERK

Agency No. A094-443-089

JOSE SANTOS YANES,
a.k.a. Jose S. Yanes Bonilla,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 10, 2012)

Before TJOFLAT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Jose Santos Yanes appeals the decision of the Board of Immigration Appeals that affirmed the denial of his application for cancellation of removal. 8 U.S.C. § 1229b(b)(1). The Board found that Yanes was ineligible for cancellation of removal because he had been convicted of a crime of domestic violence, id. § 1227(a)(2)(E)(i). We deny Yanes's petition.

The decision of the Board is consistent with the plain language of the statutes that govern cancellation of removal. Section 1229b(b)(1) provides that, in cases of exceptional hardship, "[t]he Attorney General may cancel removal of . . . an alien who is inadmissible or deportable" if he has remained in the United States continually for ten years, "has been a person of good moral character," and "has not been convicted of an offense under . . . [8 U.S.C. §§] 1182(a)(2), 1227(a)(2), or 1227(a)(3)." Section 1227(a)(2)(E)(i) prohibits an alien from committing "any crime of violence . . . against a current or former spouse." Yanes does not deny that, in 2002, he was convicted in a Georgia court of hitting his wife, which is a disqualifying offense under sections 1229b(b)(1) and 1227(a)(2). See Matter of Cortez, 25 I. & N. Dec. 301, 310 (2010). Regardless of his status as an arriving alien or his eligibility for the exception for petty offenses, see 8 U.S.C. § 1182(a)(2)(A)(ii), Yanes is ineligible for cancellation of removal. See Matter of Almanza-Arenas, 24 I. & N. Dec. 771, 776 (2009).

2

We **DENY** Yanes's petition.