FILED
United States Court of Appeals
Tenth Circuit

April 9, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

SANDRA MENDOZA PEREZ,

Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

Respondent.

No. 13-9515
(Petition for Review)

---

ORDER AND JUDGMENT[*]

---

Before **MATHESON**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**O'BRIEN**, Circuit Judge.

---

Sandra Mendoza Perez is a native and citizen of Mexico. An immigration

judge (IJ) denied her application for cancellation of removal. The Board of

Immigration Appeals (BIA) dismissed her administrative appeal. She sought

reconsideration, which the board also denied. She has petitioned for our review of

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the latter decision, making a number of shallow arguments.  Her petition for review is denied in part and dismissed in part.

## I.  Background

Mendoza Perez entered the United States without inspection in January 1987. She admitted leaving the United States, apparently on her own accord, in December 1999 and reentering without inspection in February 2000.  She was placed in removal proceedings in April 2009.  She conceded removability under 8 U.S.C. § 1182(a)(2)(A), (a)(6)(A)(i), and (a)(9)(C)(i), and applied for cancellation of removal under 8 U.S.C. § 1229b(b)(1).  *See* Admin. R. at 77-78.  Section 1229b(b)(1) provides for discretionary relief from removal when the applicant:

> (A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;
>
> (B) has been a person of good moral character during such period;
>
> (C) has not been convicted of an offense under section 1182(a)(2); 1227(a)(2), or 1227(a)(3) of this title . . .; and
>
> (D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

*Id.*

Pertinent to this appeal, on September 7, 2000, Mendoza Perez was convicted in state court of Larceny of a Retailer in violation of Okla. Stat. Ann. tit. 21, § 1731. Admin. R. at 98, 122, 135.  She was sentenced to the statutory maximum of one year

in the county jail and a $5000 fine, but the sentence was deferred for two years pending completion of forty hours of community service and payment of court costs. *Id.* at 98, 122, 124.

Larceny for which a sentence of one year or longer may be imposed, the IJ decided, is a "crime involving moral turpitude," as described under 8 U.S.C. § 1227(a)(2)(A)(i)(I). As a result, Mendoza Perez could not meet the "good moral character" requirement of § 1229b(b)(1)(B) and was ineligible for cancellation of removal. The IJ based his ruling on three BIA decisions: *In re Almanza-Arenas*, 24 I. & N. Dec. 771 (BIA 2009); *In re Cortez*, 25 I. & N. Dec. 301 (BIA 2010); and *In re Pedroza*, 25 I. & N. Dec. 312 (BIA 2010).

She sought administrative review. The BIA summarily rejected her arguments that the decision in *Almanza-Arenas* is inconsistent with the BIA's prior decision in *In re Garcia-Hernandez*, 23 I. & N. Dec. 590 (BIA 2003). As the BIA explained, it "ha[d] already addressed those arguments in a published decision." Admin. R. at 20 (citing *Cortez*, 25 I. & N. Dec. at 309). It denied Mendoza Perez's subsequent motion for reconsideration. Mendoza Perez filed this petition for review.

II. Standards of Review, Issues on Appeal, and Discussion

The agency's discretionary decisions are generally not subject to judicial review, *see* 8 U.S.C. § 1252(a)(2)(B)(i), but we retain jurisdiction to review the denial of a motion to reconsider. *See Infanzon v. Ashcroft*, 386 F.3d 1359, 1361-62 (10th Cir. 2004). Our review is limited; only an abuse of discretion can prompt a

reversal. *Belay-Gebru v. INS*, 327 F.3d 998, 1000 n.5 (10th Cir. 2003)7; 8 C.F.R. § 1003.2(a) ("The decision to grant or deny a motion to reopen or reconsider is within the discretion of the Board . . . ."). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Infanzon*, 386 F.3d at 1362 (internal quotation marks omitted). "The BIA does not abuse its discretion when 'its rationale is clear, there is no departure from established policies, and its statements are a correct interpretation of the law,' even when the BIA's decision is 'succinct.'" *Maatougui v. Holder*, 738 F.3d 1230, 1239 (10th Cir. 2013) (quoting *Infanzon*, 386 F.3d at 1362).

Under the statute governing our review, however, "[a] court may review a final order of removal only if–(1) the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). As a result, "[f]ailure to exhaust administrative remedies by not first presenting a claim to the BIA deprives this court of jurisdiction to hear it." *Galvez Piñeda v. Gonzales*, 427 F.3d 833, 837 (10th Cir. 2005). In addition, "we generally assert jurisdiction only over those arguments that a petitioner properly presents to the BIA." *Sidabutar v. Gonzales*, 503 F.3d 1116, 1118 (10th Cir. 2007). A "very narrow caveat" to that rule applies "when it is clear that the BIA has issued 'a full explanatory opinion or a discernible substantive discussion' on the merits of 'matters not presented by the alien.'"

- 4 -

*Garcia-Carbajal v. Holder*, 625 F.3d 1233, 1238 (10th Cir. 2010) (agency discussion exception) (quoting *Sidabutar*, 503 F.3d at 1122).

Mendoza Perez raises four procedural arguments on appeal,[1] complaining of the BIA's (1) failure follow the Tenth Circuit's precedent rule—a panel may not overrule a precedential decision of a prior panel—as explained in *Haynes v. Williams*, 88 F.3d 898, 900 n.4 (10th Cir. 1996); (2) erroneous application of its decision in *Almanza-Arenas*, because it did not overrule or explain its deviation from its earlier, conflicting decision in *Garcia-Hernandez*; (3) reliance on its decisions in *Almanza-Arenas* and *Cortez*, because those decisions arose in the Ninth Circuit Court of Appeals and are based on rules specific to the Ninth Circuit; and (4) disregard of the petty offense exception in 8 U.S.C. § 1182(a)(2)(A)(ii)(II), thereby robbing the state criminal courts of an ability to restrict removability or eligibility for relief from removal.

Mendoza Perez's first argument is clearly without merit. In *Haynes*, we noted our prior holding: "[a] published decision of one panel of *this court* constitutes binding circuit precedent constraining subsequent panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." 88 F.3d at 900 n.4 (emphasis added). We further noted that "when faced with an intra-circuit

---

[1] We address only the arguments adequately presented and, accordingly, do not reach the merits of any statutory argument. *See Bronson v. Swensen*, 500 F.3d 1099, 1105 (10th Cir. 2007) (holding that "cursory statements, without supporting analysis and case law, fail to constitute the kind of briefing that is necessary to avoid application of the forfeiture doctrine").

conflict, a panel [of this court] should follow earlier, settled precedent over a subsequent deviation therefrom." *Id.* The BIA decided the internal rules we have adopted to manage the operation of this court do not apply to it. Mendoza Perez has provided no reason why it should apply our intra-circuit rules, and we can think of no good reason to force its hand.

She next charges the BIA with error in applying its decision in *Almanza-Arenas*, 24 I. & N. Dec. 771. She says the BIA did not overrule or explain its deviation from its earlier, conflicting decision in *Garcia-Hernandez*, 23 I. & N. Dec. 590. This argument is also without merit. The BIA did provide an explanation—that it had already addressed Mendoza Perez's arguments in a published decision, *Cortez*, 25 I. & N. Dec. at 309.

She next contends the BIA's decisions in *Almanza-Arenas* and *Cortez* should not have been applied in this case because those cases arose in the Ninth Circuit and were based on Ninth Circuit rules. This argument is of the same ilk as the others. The BIA's decisions are generally binding on the agency across the nation. *See* 8 C.F.R. § 1003.1(g) ("Except as Board decisions may be modified or overruled by the Board or the Attorney General, decisions of the Board . . . shall be binding on all officers and employees of the Department of Homeland Security or immigration judges in the administration of the immigration laws of the United States."). Mendoza Perez has not shown that either *Almanza-Arenas* or *Cortez* conflicts with Tenth Circuit precedent to work an exception to the general rule. *Cf. Melkonian v.*

*Ashcroft*, 320 F.3d 1061, 1065 (9th Cir. 2003) (a court of appeals "will not defer to BIA decisions that conflict with circuit precedent"). In other words, the BIA is required to apply Ninth Circuit precedent in the Ninth Circuit, and it is free to adopt that precedent as its own and apply it in all circuits not having a contrary rule.

Her final argument is that the BIA erred in disregarding the petty offense exception in 8 U.S.C. § 1182(a)(2)(A)(ii)(II), thereby robbing state criminal courts of their ability to affect removability or eligibility for relief from removal. The BIA declined to address this argument because she raised it for the first time in her motion to reconsider. As we explain below, her argument is unexhausted, and we lack jurisdiction to consider it.

A motion to reconsider is available to raise "errors of fact or law in the prior *Board* decision." 8 C.F.R. § 1003.2(b)(1) (emphasis added). In the words of the BIA: "[a] motion to reconsider is not a mechanism by which a party may file a new brief before the Board raising additional legal arguments that are unrelated to those issues raised before the Immigration Judge and on appeal," and "[a] motion to reconsider based on a legal argument that could have been raised earlier in the proceedings will be denied." *In re O-S-G-*, 24 I. & N. Dec. 56, 58 (BIA 2006). Our review of the record confirms Mendoza Perez's failure to raise her challenge to the IJ's decision concerning the petty offense exception in her administrative appeal. Her argument therefore was not properly presented to the BIA for the first time in her motion to reconsider. *See Omari v. Holder*, 562 F.3d 314, 319 (5th Cir. 2009) ("an

- 7 -

issue raised for the first time in a motion for reconsideration that could have been raised earlier has not been properly presented to the BIA . . . [and] does not satisfy § 1252(d)'s exhaustion requirement"). Moreover, the "agency discussion exception" does not apply since the BIA made no decision on this point. That left her with nothing to challenge in her motion to reconsider. We lack jurisdiction to consider this unexhausted issue. *See id.*; *Sidabutar*, 503 F.3d at 1118.

The petition for review is dismissed as to the unexhausted argument and denied as to the remainder.

Entered for the Court

Terrence L. O'Brien
Circuit Judge