[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12648
Non-Argument Calendar

_____

Agency No. A200-614-984

WACHARAPONG TAWEESUK,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 20, 2020)

Before WILSON, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Wacharapong Taweesuk, proceeding with counsel, petitions for review of the Board of Immigration Appeals' (BIA) order dismissing his appeal from an immigration judge's (IJ) order denying his application for cancellation of removal and ordering him removed.  He argues that the BIA's interpretation of § 240A(b)(1)(C) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1229b(b)(1)(C)—under which he was found ineligible for cancellation of removal—is unreasonable, and thus not due deference under *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984).  For the following reasons, we dismiss his petition.

Before addressing a petitioner's arguments on the merits, we assess our subject-matter jurisdiction de novo.  *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1297 (11th Cir. 2015).  Our jurisdiction depends on whether the petitioner exhausted his administrative remedies, which depends on whether he raised his claim before the BIA.  *See id.*  We lack jurisdiction to address an issue not raised before the BIA.  *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (per curiam); *see* INA § 242(d)(1), 8 U.S.C. § 1252(d)(1).  The petitioner "must have previously argued the core issue now on appeal."  *Indrawati*, 779 F.3d at 1297 (internal quotation mark omitted).  Further, where the BIA has the power to review a claim and provide a remedy, exhaustion of that claim is required before we can consider it.  *See Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d

2

860, 868 (11th Cir. 2018) (holding that a petitioner was required to exhaust his claims because the BIA could have reviewed and remedied them).

The exhaustion requirement "allows the BIA to consider the niceties and contours of the relevant arguments, thereby fully considering the petitioner's claims and compiling a record which is adequate for judicial review." *Amaya-Artunduaga*, 463 F.3d at 1250 (alterations adopted) (internal quotation marks omitted).  Where the BIA addressed an issue sua sponte that a petitioner had not raised, we held that we nevertheless lacked jurisdiction to review that claim because we could not say that the BIA "fully considered the petitioner's claims, as it had no occasion to address the relevant arguments with respect to the issue it reviewed, nor can we say there is any record, let alone an adequate record, of how the administrative agency handled the claim in light of the arguments presented." *Id.* at 1251.

Here, we lack jurisdiction to review Taweesuk's claim because the BIA had the power to remedy his claim but Taweesuk did not adequately raise it before the BIA in the first instance.  Taweesuk's claim turns on the BIA's interpretation of an immigration statute, INA § 240A(b)(1)(C), as described in *Matter of Cortez Canales*, 25 I. & N. Dec. 301 (B.I.A. 2010).  He claims that the BIA's current interpretation is unreasonable.

3

Not only does the BIA have the power to revisit its interpretations, it "must consider varying interpretations and the wisdom of its policy on a continuing basis." *See Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 981 (2005).  In other words, because the BIA could remedy Taweesuk's claim, he was required to exhaust it there.  *See Bing Quan Lin*, 881 F.3d at 868.

But he did not.  In his notice of appeal to the BIA, in the first paragraph, he cited INA § 240A(b)(1)(C) and *Matter of Cortez Canales*.  In the second paragraph, in one sentence, he offered his interpretation: "'an offense under section 212(a), 237(a)(2), or 237(a)(3)' means exactly what it says in that to be 'an offense under section 212(a), 237(a)(2), or 237(a)(3),' the alien must have been convicted of 'an offense' as precisely described in each of these sections."  Then he disagreed with the existing interpretation: "§ 240A(b)(1)(C) cannot be read to be 'an offense described in' each of the referenced sections as explained in Matter of Ortega Lopez and Matter of Cortez."  In the third paragraph, in one sentence, he mentions the consequence to him of "the Court's reading of § 240A(b)(1)(C)."  Finally, he reserved a right to brief additional arguments.

This is inadequate; at best, his statements amount to unsupported assertions, not arguments.  To start, only one word seems to separate Taweesuk's preferred interpretation from the BIA's: "precisely."  Taweesuk did not elaborate on how or why that one word is the difference between their interpretations, and he did not

4

otherwise explain how his interpretation differs from the BIA's in *Matter of Cortez Canales*.  He did not explain why "§ 240A(b)(1)(C) cannot be read" as the BIA reads it in *Matter of Cortez Canales*.  To the extent he asserts in the second paragraph that *Matter of Cortez Canales* was wrongly decided, he did not explain why or grapple with its reasoning.

As for the third paragraph, in which he alludes to his own circumstances, it is unclear whether he was challenging the IJ's application of *Matter of Cortez Canales* because of his reference to "the Court's reading," or instead the BIA's framework in *Matter of Cortez Canales*.  Even assuming he was challenging *Matter of Cortez Canales* directly, he did not explain *why* his circumstances rendered the BIA's interpretation unreasonable or otherwise engage with the BIA's reasoning for its current interpretation.

Taweesuk's BIA brief makes his failure to exhaust the issue even more apparent, if not explicitly admitted.  There he did not argue that *Matter of Cortez Canales* was wrongly decided.  In fact, his only argument seemed to assume that *Matter of Cortez Canales* offered the proper framework and to take issue only with the IJ's application of that case.  And he even "specifically reserve[d] his right to challenge the agency's interpretation of the statute in question in [*Matter of Cortez Canales*]" before us, suggesting that he intentionally did not argue it.  His assumption that the BIA would stick with its current interpretation does not excuse

5

his failure to exhaust.  Finally, his citation to *Chevron* does not amount to an argument about why he thinks the BIA's interpretation is unreasonable.

In short, there were no "niceties and contours" of Taweesuk's claim for the BIA to consider; it did not fully consider his claim and compile an adequate record for us to review.  *See Amaya-Artunduaga*, 463 F.3d at 1250–51.  Indeed, the BIA's order does not address whether *Matter of Cortez Canales* was correctly decided, which also indicates that the BIA did not understand Taweesuk to be challenging its existing interpretation of the statute.  In any event, even if the BIA had analyzed this statutory-interpretation issue, it essentially would have done so sua sponte given the bare nature of Taweesuk's assertions, which would not have exhausted that issue.  *See id.* at 1251.

In conclusion, Taweesuk failed to administratively exhaust his claim.  He did not previously argue "the core issue"—the BIA's interpretation of INA § 240A(b)(1)(C) in *Matter of Cortez Canales*—that he now argues in his petition for review.  *See Indrawati*, 779 F.3d at 1297.  Because the BIA could have reassessed its prior interpretation, Taweesuk had an obligation to raise the issue before the BIA.  But he did not, and accordingly, we lack jurisdiction to review that claim.

**PETITION DISMISSED.**

6