11-5409-ag
*Reyes v. Holder*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term, 2012

(Submitted: March 22, 2013                               Decided: May 3, 2013)

Docket No. 11-5409-ag

---

LUIS A. REYES, aka Luis Alberto Molina Reyes,

*Petitioner*,

v.

ERIC H. HOLDER, JR., United States Attorney General,

*Respondent*.

---

Before: CABRANES, LIVINGSTON, Circuit Judges, and FURMAN, District Judge.[*]

This appeal requires us to interpret a rule, promulgated pursuant to the Nicaraguan Adjustment and Central American Relief Act of 1997 ("NACARA"), Pub. L. No. 105-100, 111 Stat. 2193, that permits the Attorney General, in his discretion, to cancel an alien's removal from the United States in certain circumstances, so long as the alien is not "*inadmissible* under section 212(a)(2) or (3) *or deportable* under section 237(a)(2), (3) or (4)" of the Immigration and Nationality Act ("INA").  8 C.F.R. § 1240.66(b)(1) (emphasis added).

In this case, the Board of Immigration Appeals ("BIA") determined that petitioner Luis A.

---

[*] The Honorable Jesse M. Furman, of the United States District Court for the Southern District of New York, sitting by designation.

Reyes was ineligible for NACARA's so-called "special rule cancellation of removal." In particular, even though it assumed that Reyes would not be "inadmissible" under § 212 because his conviction for menacing in the second degree fell within the "petty offense exception," the BIA concluded that Reyes was ineligible for cancellation of removal because his conviction is listed under § 237, which does not contain the "petty offense exception." The BIA's interpretation of the rule, however, fails to properly apply the legal terms "inadmissible" and "deportable." An alien is ineligible for special rule cancellation of removal if he is "deportable" under § 237, but Reyes was never admitted to the United States and therefore—by definition—is not "deportable" under § 237.

In these circumstances, we conclude that (1) the BIA's interpretation of 8 C.F.R. § 1240.66(b)(1) is inconsistent with the regulation, and (2) as an unadmitted alien, Reyes cannot be ineligible for special rule cancellation of removal on the basis of a conviction that would make an admitted alien "deportable" under § 237 of the INA. Because our holding is limited to the conclusion that conviction of a crime specified under § 237 cannot render Reyes, as an unadmitted alien, ineligible for special rule cancellation of removal, we remand so that the BIA may decide in the first instance any other matters that may be appropriate in determining whether to grant special rule cancellation of removal to Reyes.

Petition granted in part; remanded.

> Bruno J. Bembi, Law Office of Bruno J. Bembi, Hempstead, NY, *for Petitioner.*
>
> Stuart F. Delery, Acting Assistant Attorney General, Civil Division; Richard M. Evans, Assistant Director, Allen W. Hausman, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., *for Respondent.*

PER CURIAM:

This appeal requires us to interpret a rule, promulgated pursuant to the Nicaraguan Adjustment and Central American Relief Act of 1997 ("NACARA"), Pub. L. No. 105-100, 111 Stat.

2

2193, that permits the Attorney General, in his discretion, to cancel an alien's removal from the United States in certain circumstances, so long as the alien is not "*inadmissible* under section 212(a)(2) or (3) *or deportable* under section 237(a)(2), (3) or (4)" of the Immigration and Nationality Act ("INA"). 8 C.F.R. § 1240.66(b)(1) (emphasis supplied). According to the plain text of this regulation, the terms "inadmissible" and "deportable" are defined by the provisions to which they refer in the INA. Consequently, an alien seeking lawful entry to the United States is "inadmissible" if he is ineligible for admission to the United States for any of a number of reasons set out in § 212.[1] Similarly, but separately, an alien is "deportable" if he was legally admitted to the United States but may now be removed for any of a number of reasons set out in § 237.[2] *See Judulang v. Holder*, 132 S. Ct. 476, 479 (2011) (comparing inadmissibility with deportability).

In this case, the Board of Immigration Appeals ("BIA") determined that petitioner Luis A. Reyes was ineligible for NACARA's so-called "special rule cancellation of removal" under § 1240.66(b)(1) because Reyes—an *unadmitted* alien—had a conviction for menacing in the second degree that would make an *admitted* alien "deportable" under § 237. In particular, the BIA explained that, even if Reyes's prior conviction fell within the "petty offense exception" and therefore would not block his admissibility under § 212, that conviction still made him ineligible for special rule cancellation of removal because it is one of the offenses listed under § 237, which does not contain the "petty offense exception." The BIA's interpretation of the rule, however, fails to properly apply the legal terms "inadmissible" and "deportable." An alien is ineligible for special rule cancellation of removal if he is "deportable" under § 237, but Reyes was never admitted to the United States and therefore—by definition—is not "deportable" under § 237.

---

[1] Section 212 of the INA is codified at 8 U.S.C. § 1182. For the sake of consistency, and in conformity with the relevant regulations, we refer throughout this opinion to the relevant section of the INA, rather than of the United States Code.

[2] Section 237 of the INA is codified at 8 U.S.C. § 1227. *See* note 1, *ante.*

In these circumstances, we conclude that (1) the BIA's interpretation of 8 C.F.R.

§ 1240.66(b)(1) is inconsistent with the regulation, and (2) as an unadmitted alien, Reyes cannot be

ineligible for special rule cancellation of removal on the basis of a conviction that would make an

admitted alien "deportable" under § 237 of the INA.[3]  Because our holding is limited to the

conclusion that conviction of a crime specified under § 237 cannot render Reyes, as an unadmitted

alien, ineligible for special rule cancellation of removal, we remand so that the BIA may decide in the

first instance any other matters that may be appropriate in determining whether to grant special rule

cancellation of removal to Reyes.

## BACKGROUND

### A. Factual History

Reyes was born in El Salvador and entered the United States illegally in June of 1986, when

he was 19 years old.  As relevant here, Reyes pleaded guilty on January 18, 1995, to menacing in the

second degree, in violation of New York Penal Law § 120.14.[4]  As a Class A misdemeanor,

menacing in the second degree carries a maximum prison sentence of one year.  *See* N.Y. Penal Law

§ 70.15(1).  It appears from the Administrative Record that Reyes received no jail time and was

sentenced only to three years of probation.[5]

On March 30, 2005, Reyes was served with a Notice to Appear, charging him with being

present in the United States without having been admitted, and indicating that he was "inadmissible"

---

[3] Under NACARA, we generally lack jurisdiction to review the denial of cancellation of removal or of waiver of inadmissibility on discretionary grounds.  *See* 8 U.S.C. § 1252(a)(2)(B)(i).  However, we retain jurisdiction to review colorable constitutional claims or, as applies here, questions of law.  *See id.* § 1252(a)(2)(D); *Argueta v. Holder*, 617 F.3d 109, 112 (2d Cir. 2010).

[4] In relevant part, the New York Penal Law provides that a person is guilty of menacing in the second degree when "[h]e or she intentionally places or attempts to place another person in reasonable fear of physical injury, serious physical injury or death by displaying a deadly weapon, dangerous instrument or what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm."  N.Y. Penal Law § 120.14(1).

[5] In fact, the only support for the claim that Reyes was sentenced to probation for his menacing conviction comes from the submissions of Reyes's counsel.  *See* Joint App'x 36, 340, 593, 609, 629, 631.  The BIA appears to have credited this assertion, or at least assumed it to be true for the purposes of its decision.  *See id.* at 3.  We therefore also assume it to be true for the purposes of this appeal.

and subject to removal pursuant to INA § 212(a)(6)(A)(i). Reyes sought, *inter alia*, "special rule cancellation of removal" pursuant to NACARA, which permits the Attorney General, in his discretion, to cancel removal for qualified aliens from certain countries, including El Salvador. NACARA § 203, 11 Stat. 2160, 2198.

## B. Statutory Provisions

Congress enacted NACARA in 1997 "in part to prevent the mass deportation of aliens who had arrived from some former Soviet bloc and Central American nations." *Tanov v. INS*, 443 F.3d 195, 199 (2d Cir. 2006); *see also Romero v. INS*, 399 F.3d 109, 111-12 (2d Cir. 2005). Congress sought to achieve this goal by amending the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, Div. C., Title III-A, 110 Stat. 3009-546 (1996), "to permit qualified aliens from certain countries placed in deportation proceedings . . . to apply for 'special rule' protection from deportation." *Tanov*, 443 F.3d at 199 (internal alteration and quotation marks omitted).

In order to obtain this special rule protection, or "special rule cancellation of removal," the applicant must "establish by a preponderance of the evidence that he . . . is eligible for suspension of deportation or special rule cancellation of removal and that discretion should be exercised to grant relief." 8 C.F.R. § 1240.64(a); *see also Gonzalez-Ruano v. Holder*, 662 F.3d 59, 61 (1st Cir. 2011). To be eligible, the applicant must show that (1) he "is not inadmissible under section 212(a)(2) or (3) or deportable under section 237(a)(2), (3) or (4)" of the INA; (2) he has been physically present in the United States for a continuous period of seven years immediately preceding the date of his application for relief is filed; (3) he "has been a person of good moral character during the required period of continuous physical presence"; and (4) he or a qualifying relative will suffer extreme hardship as a result of his removal.[6] 8 C.F.R. § 1240.66(b).[7] This appeal concerns the first of these

---

[6] If the applicant is inadmissible under § 212(a) or deportable under § 237(a) of the INA by virtue of having

5

requirements—that an applicant for special rule cancellation of removal be not "inadmissible under section 212(a)(2) or (3) or deportable under section 237(a)(2), (3) or (4)" of the INA. *Id.* § 1240.66(b)(1).

Generally, § 212 of the INA sets out the reasons for which an alien seeking a visa or admission to the United States may be considered "inadmissible," *see* INA § 212(a) (listing "[c]lasses of aliens ineligible for visas or admission"), whereas § 237 lists the reasons for which an alien who has already been admitted to the United States may be considered "deportable," *see* INA § 237(a) (alien is "deportable" only if "in *and admitted to* the United States" (emphasis added)). In other words, § 212 applies to aliens who, like Reyes, have not been legally admitted to the United States, and § 237 applies to aliens who have been legally admitted.

As relevant here, § 212(a)(2) of the INA renders an alien inadmissible to the United States if he has committed certain crimes involving moral turpitude.[8] Section 237(a)(2) of the INA likewise

---

committed a crime involving moral turpitude, he may still be eligible for special rule cancellation of removal if he can satisfy more stringent standards, which require, *inter alia*, ten years of continuous physical presence in the United States immediately following the commission of the disqualifying act, and a showing of "exceptional and extremely unusual hardship." *Id.* § 1240.66(c); *see also Gonzalez-Ruano*, 662 F.3d at 61.

[7] In full, 8 C.F.R. § 1240.66(b) provides:

*General rule.* To establish eligibility for special rule cancellation of removal under section 309(f)(1)(A) of IIRIRA, as amended by section 203 of NACARA, the alien must establish that:

> (1) The alien is not inadmissible under section 212(a)(2) or (3) or deportable under section 237(a)(2), (3) or (4) of the Act (relating to criminal activity, document fraud, failure to register, and security threats);

> (2) The alien has been physically present in the United States for a continuous period of 7 years immediately preceding the date the application was filed;

> (3) The alien has been a person of good moral character during the required period of continuous physical presence; and

> (4) The alien's removal from the United States would result in extreme hardship to the alien, or to the alien's spouse, parent or child who is a United States citizen or an alien lawfully admitted for permanent residence.

[8] Specifically, § 212(a)(2)(A) of the INA provides:

(i) In general

Except as provided in clause (ii), any alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of—

> **(I)** a crime involving moral turpitude (other than a purely political offense) or an attempt or

6

renders an already-admitted alien deportable if he has committed certain crimes involving moral turpitude.[9] Accordingly, in order to be eligible for special rule cancellation of removal, an alien cannot be (1) inadmissible by virtue of having committed certain crimes specified in the INA, or (2) deportable by virtue of having committed certain crimes specified in the INA.

Importantly, however, the particular crimes specified in the INA that make an admitted alien "deportable" are not necessarily the same crimes that make an unadmitted alien "inadmissible." As the BIA correctly pointed out, one key difference between the crimes that render an unadmitted alien *inadmissible* under § 212(a)(2) and those that render an admitted alien *deportable* under § 237(a)(2) is the so-called "petty offense exception," which is applicable to § 212(a)(2) but not to § 237(a)(2). Under the petty offense exception, a conviction for an offense involving moral turpitude does not

---

<blockquote>
conspiracy to commit such a crime, or

**(II)** a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21),

is inadmissible.

(ii) Exception

Clause (i)(I) shall not apply to an alien who committed only one crime if—

**(I)** the crime was committed when the alien was under 18 years of age, and the crime was committed (and the alien released from any confinement to a prison or correctional institution imposed for the crime) more than 5 years before the date of application for a visa or other documentation and the date of application for admission to the United States, or

**(II)** the maximum penalty possible for the crime of which the alien was convicted (or which the alien admits having committed or of which the acts that the alien admits having committed constituted the essential elements) did not exceed imprisonment for one year and, if the alien was convicted of such crime, the alien was not sentenced to a term of imprisonment in excess of 6 months (regardless of the extent to which the sentence was ultimately executed).
</blockquote>

8 U.S.C. § 1182(a)(2)(A).

[9] Specifically, § 237(a)(2)(A)(i) of the INA provides:

<blockquote>
Any alien who—

**(I)** is convicted of a crime involving moral turpitude committed within five years (or 10 years in the case of an alien provided lawful permanent resident status under section 1255(j) of this title) after the date of admission, and

**(II)** is convicted of a crime for which a sentence of one year or longer may be imposed,

is deportable.
</blockquote>

8 U.S.C. § 1227(a)(2)(A)(i).

7

render an unadmitted alien *inadmissible* under § 212(a)(2) when (1) the maximum penalty possible was a year or less, and (2) the alien was actually sentenced to less than six months in prison.[10] INA § 212(a)(2)(A)(ii); *see* note 8, *ante*. A conviction involving a petty offense, however, may still render an admitted alien *deportable* under § 237(a)(2).

In Reyes's case, we assume that his conviction for menacing in the second degree qualifies for the petty offense exception, *see* note 5, *ante*, and therefore Reyes—who is not an admitted alien— is *not* inadmissible under § 212(a)(2).[11] But, remarkably, if Reyes were an admitted alien, his conviction would render him *deportable* under § 237(a)(2).[12]

## C. Procedural History

In an oral decision, the Immigration Judge ("IJ") found Reyes ineligible for special rule cancellation of removal based on his conviction for menacing in the second degree. The IJ, however, failed to address the petty offense exception. On appeal, the BIA acknowledged in a written decision that Reyes's menacing conviction might qualify for the petty offense exception. Nonetheless, the BIA held that Reyes is still ineligible for special rule relief because his conviction is listed among the crimes that would render an admitted alien "deportable" under § 237(a)(2). In other words, the BIA construed the special rule in 8 C.F.R. § 1240.66(b), *see* note 7, *ante*, as making aliens ineligible for cancellation of removal if they have committed any of the crimes listed in § 212(a)(2) and (3) *or* § 237(a)(2), (3) and (4) of the INA, regardless of whether the alien at issue is actually "inadmissible" or "deportable" under those provisions, respectively.

---

[10] For the purposes of this appeal, we assume, without deciding, that the BIA properly determined that menacing in the second degree constitutes a crime involving moral turpitude.

[11] Reyes asserts that the petty offense exception applies because (1) his menacing-in-the-second-degree conviction was the only crime involving moral turpitude he committed; (2) menacing in the second degree carries a maximum sentence of one-year's imprisonment; and (3) he was sentenced only to three years of probation. *See* 8 U.S.C. § 1182(a)(2)(A)(ii); N.Y. Penal Law § 70.15(1) (indicating that Class A misdemeanors, such as menacing in the second degree, carry a maximum sentence of one-year's imprisonment). As noted above, it is not entirely clear from the record that Reyes only received a sentence of probation. *See* note 5, *ante*.

[12] Again, because Reyes is not admitted to the United States, he is *not* deportable under § 237.

8

Accordingly, the question presented in this appeal is whether conviction of a crime specified under § 237(a)(2), (3) or (4) of the INA can render an *unadmitted* alien ineligible for special rule cancellation of removal, even though those provisions apply only to *admitted* aliens.

**DISCUSSION**

The Supreme Court has recently reaffirmed that "[w]hen an agency interprets its own regulation, the Court, as a general rule, defers to it unless that interpretation is plainly erroneous or inconsistent with the regulation."[13] *Decker v. Nw. Envt'l Def. Ctr.*, 133 S. Ct. 1326, 1337 (2013) (quotation marks omitted). In this case, the BIA's interpretation is "plainly erroneous or inconsistent with the regulation."

Most importantly, the BIA's reading of the rule fails to properly apply its terms—namely, that the alien not be "*inadmissible* under section 212(a)(2) or (3) *or deportable* under section 237(a)(2), (3) or (4)" of the INA. 8 C.F.R. § 1240.66(b)(1) (emphasis added). Indeed, the plain language of this provision—which straightforwardly adopts Congress's use of the legal terms "inadmissible" and "deportable"—demonstrates that an applicant's admission status (*i.e.*, admitted or not admitted) is critical when determining an alien's eligibility for special rule cancellation of removal. According to the plain text of § 1240.66(b)(1), the terms "inadmissible" and "deportable" are defined by the provisions to which they refer in the INA, and an alien is deportable only if "in *and admitted to* the United States." INA § 237(a) (emphasis added).[14] Because Reyes was not "admitted to the United

---

[13] We are mindful that "[a]n agency does not acquire special authority to interpret its own words when, instead of using its expertise and experience to formulate a regulation, it has elected merely to paraphrase the statutory language." *Gonzales v. Oregon*, 546 U.S. 243, 257 (2006); *see* NACARA § 203(1)(b) ("[T]he Attorney General may . . . cancel removal . . . if the alien . . . is not inadmissible or deportable under paragraph (2) or (3) of section 212(a) or paragraph (2), (3), or (4) of section 237(a) of the Immigration and Nationality Act . . . ."). Nonetheless, there is no reason to determine the appropriate level of deference to the BIA here, as we conclude that the agency's interpretation cannot be sustained even under the more deferential standard.

[14] In 1996 Congress amended § 237(a) of the INA by substituting the phrase "in and admitted to the United States" for the phrase "in the United States." *See* Pub. L. No. 104-208, Div. C., Title III-A, § 301(d)(1), 110 Stat. at 3009-579.

States," he is not "deportable" under § 237(a).[15]

In reaching its conclusion, the BIA relied on its holding in *Matter of Cortez*, 25 I. & N. Dec. 301 (BIA 2010), in which it analyzed the statutory provision for *non*-NACARA cancellation of removal under § 240A of the INA.[16] Under § 240A, an alien's removal may be cancelled if he "has not been convicted of *an offense under* section 212(a)(2), 237(a)(2), or 237(a)(3) . . . ." INA § 240A(b)(1)(C) (emphasis added). In *Cortez*, the BIA agreed with the Ninth Circuit that the broad language "an offense under" required disqualification of an *inadmissible* alien whose conduct was also "described under" the criminal elements of the *deportation* provision, INA § 237(a)(2), without regard as to whether the alien would actually be "deportable." *See Cortez*, 25 I. & N. Dec. at 304 (quoting *Gonzalez-Gonzalez v. Ashcroft*, 390 F.3d 649, 652 (9th Cir. 2004)).

In so finding, the BIA in *Cortez* contrasted the "an offense under" clause in § 240A(b)(1)(C) with another section of the INA, which provides that an alien's "continuous period of physical presence" shall be considered to end when the alien has committed an offense referred to in section 212(a)(2) that "'*render*[*s*] [*the alien*] *inadmissible* to the United States under section 212(a)(2) or *removable* from the United States under section 237(a)(2) . . . .'" *Cortez*, 25 I. & N. Dec. at 308 (emphasis added) (quoting § 240A(d)(1)). The BIA stated that it was the absence of those phrases—"renders the alien inadmissible" and "or removable"—in § 240A(b)(1)(C) which indicated Congress's intent to disqualify an unadmitted alien from § 240A relief if he has committed any offense listed under §§ 212(a)(2), 237(a)(2), or 237(a)(3). *Id.* The BIA's effort in *Cortez* to distinguish the "continuous period of physical presence" rule therefore not only does not support the BIA's decision below, but rather confirms our conclusion that an applicant's status is relevant to an alien's eligibility for special

---

[15] Of course, this is not to say that Reyes was not *removable* from the United States; unadmitted aliens are generally removable from the United States pursuant to § 240 of the INA. Section 240 of the INA is codified at 8 U.S.C. § 1229a. *See* note 1, *ante*.

[16] Section 240A of the INA is codified at 8 U.S.C. § 1229b. *See* note 1, *ante*.

10

rule cancellation of removal. *See also Matter of Leon*, A075 586 132, 2008 WL 5477737 (BIA Dec. 5, 2008) (unpublished decision) (alien not "deportable" within meaning of 8 C.F.R. § 1240.66(b)(1) "because he was never actually 'admitted to the United States.'" (quoting INA § 237(a)).

Although it may seem anomalous that a legally admitted alien can be rendered ineligible for special rule cancellation of removal while an unadmitted alien who committed the same crime can remain eligible, we have previously noted that Congress's harsher treatment of legal permanent residents ("LPRs") may be justified on the basis that "an LPR's violation of American laws represents a greater betrayal or poses a heightened concern of recidivism, and therefore calls for harsher measures under the immigration laws." *Jankowski-Burczyk v. INS*, 291 F.3d 172, 179 (2d Cir. 2002); *see also, e.g.*, *Gonzalez-Gonzalez*, 390 F.3d at 652 ("LPRs enjoy substantial rights and privileges not shared by other aliens, and therefore it is arguably proper to hold them to a higher standard and level of responsibility than non LPRs." (alterations and quotation marks omitted)).

In sum, 8 C.F.R. § 1240.66(b)(1) means what it says: In order to be eligible for special rule cancellation of removal under that provision, an alien must not be *inadmissible* by virtue of having committed certain crimes specified in § 212 of the INA or *deportable* by virtue of having committed certain crimes specified in § 237 of the INA. Inasmuch as Reyes is not deportable, his conviction of a crime listed in § 237 cannot render him ineligible for special rule cancellation of removal. The BIA therefore erred in determining that Reyes is ineligible on the basis that he committed a crime specified in § 237. Because our holding is limited to the conclusion that conviction of a crime specified under § 237 cannot make an unadmitted alien ineligible for special rule cancellation of removal, we remand so that the BIA may decide in the first instance any other matters that may be appropriate in determining whether to grant special rule cancellation of removal to Reyes.[17]

---

[17] We note that Reyes also argues that the BIA and IJ erred in (1) determining that his conviction for menacing in the second degree involved moral turpitude; (2) concluding that he failed to establish exceptional and extremely unusual hardship, as required for an alternative form of cancellation of removal under NACARA, *see* note 6, *ante*; and

11

## CONCLUSION

We therefore conclude:

(1)     The terms "inadmissible" and "deportable," as used in 8 C.F.R. § 1240.66(b)(1), are defined by the provisions to which they refer in the Immigration and Nationality Act, and therefore an alien who was not "admitted to the United States," INA § 237(a), cannot be found ineligible for special rule cancellation of removal on the basis that he is "deportable."

(2)     The particular crimes specified in the INA that make an admitted alien "deportable" are not necessarily the same crimes that make an unadmitted alien "inadmissible." Accordingly, if an *unadmitted* alien seeks special rule cancellation of removal, the BIA should consider whether the alien is "inadmissible under section 212(a)(2) or (3)" of the INA—*not* whether he is "deportable under section 237(a)(2), (3) or (4)" of the INA. 8 C.F.R. § 1240.66(b)(1). As relevant here, for example, if an *unadmitted* alien has a single conviction involving a crime of moral turpitude, the BIA should evaluate whether that conviction qualifies for the petty offense exception set out in § 212 of the INA, regardless of whether that conviction would render an *admitted* alien deportable under § 237.

(3)     Accordingly, the BIA erroneously determined that Reyes is ineligible for special rule cancellation of removal on the basis that he was convicted of a crime that would make an admitted alien "deportable" under the relevant portions of the INA.

(4)     Because our holding is limited to the conclusion that conviction of a crime specified under § 237(a)(2), (3) or (4) cannot render an unadmitted alien ineligible for special

---

(3) rejecting his claim for a stand-alone waiver of removal under § 212(h) of the INA. Because we hold that the BIA erred in determining that Reyes is ineligible for special rule cancellation of removal under 8 C.F.R. § 1240.66(b), we decline to consider whether he satisfies the more stringent standards for the alternate form of NACARA relief under 8 C.F.R. § 1240.66(c)(1). Finally, we deny his claim for a stand-alone waiver of removal as without merit.

12

rule cancellation of removal, we remand so that the BIA may decide in the first instance any other matters that may be appropriate in determining whether to grant special rule cancellation of removal to Reyes.

For these reasons, the petition for review is **GRANTED** in part (with respect to Reyes's claim that the BIA erred in determining that the petty offense exception could not render him eligible for special rule cancellation of removal), and the case is **REMANDED** for proceedings consistent with this opinion.