NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 23 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROMINA PHILLIP-VALLADARES, | No. 11-71395 |
| Petitioner, | Agency No. A095-720-371 |
| v. | MEMORANDUM[*] |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 21, 2016[**]
Pasadena, California

Before: M. SMITH and NGUYEN, Circuit Judges, and GORDON,[***] District Judge.

Petitioner Romina Phillip-Valladares is a native and citizen of Argentina. She was admitted into the United States on a visitor's visa in August 1984. In 2003, Phillip-Valladares pleaded nolo contendre to grand theft in violation of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Andrew P. Gordon, United States District Judge for the District of Nevada, sitting by designation.

California Penal Code § 487(a). The Department of Homeland Security issued Notices to Appear charging Phillip-Valladares with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) and removability under 8 U.S.C. § 1227(a)(1)(B).

Phillip-Valladares sought cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1). An immigration judge ("IJ") denied Phillip-Valladares's application, finding that she was convicted of a crime involving moral turpitude for which a sentence of one year or longer may be imposed. The IJ therefore concluded that 8 U.S.C. § 1227(a)(2) applied, making her ineligible for cancellation of removal regardless of whether she was eligible for the petty-offense exception under 8 U.S.C. § 1182(a)(2)(A)(ii)(II). The Board of Immigration Appeals ("BIA") affirmed the IJ's decision. Phillip-Valladares now appeals the BIA's decision. Reviewing de novo, we affirm.

Phillip-Valladares argues that the BIA improperly relied on its panel decisions in Almanza-Arenas, 24 I. & N. Dec. 771 (BIA 2009), and Cortez Canales, 25 I. & N. Dec. 301 (BIA 2010) because those decisions impermissibly overturned BIA precedent. However, Phillip-Valladares never raised before the BIA the issue of whether it had the authority to overrule its prior precedent. Assuming that Phillip-Valladares is claiming that the BIA violated its own regulation (8 C.F.R. §§ 1003.1(a)(5) & (h)) when it allegedly overruled prior BIA precedent, we lack jurisdiction to hear the issue because it is unexhausted. See Barron v. Ashcroft, 358 F.3d 674, 677 (9th Cir. 2004); 8 U.S.C. § 1252(d)(1). If Phillip-Valladares is claiming a due-process violation, then we have jurisdiction to hear the constitutional challenge. Barron, 358 F.3d at 678. Nevertheless, her argument is without merit.

Pursuant to 8 U.S.C. § 1229b(b)(1)(C), an alien is eligible for cancellation of removal only if she "has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of [Title 8, United States Code]." Both

2

Almanza and Cortez addressed an issue not raised in the BIA's precedents: whether an alien's conviction for a crime involving moral turpitude that was "described under" both § 1227(a)(2) and § 1182(a)(2), but which was subject to the petty-offense exception under § 1182(a)(2)(A)(ii)(II), would nevertheless render the alien ineligible for cancellation of removal. The BIA answered this question in the affirmative, finding that a conviction for an offense "described under" § 1227(a)(2) would render an alien ineligible for cancellation of removal regardless of whether the alien was eligible for the petty-offense exception to § 1182(a)(2). To prove eligibility for cancellation, an alien must show that she has not been convicted of an offense under *any* of the three sections listed in § 1229b(b)(1)(C). Because this issue had not been resolved in prior BIA decisions, Almanza and Cortez did not overrule BIA precedents.

Nor do the Almanza and Cortez decisions constitute a change to the law that would be impermissibly retroactive if applied to Phillip-Valladares. Rather, these cases provided "further guidance" on how to analyze whether an alien has been convicted of an offense described under §§ 1182(a)(2), 1227(a)(2), or 1227(a)(3) for purposes of cancellation of removal under § 1229b(b)(1)(C). Cortez, 25 I. & N. Dec. at 309. Phillip-Valladares cites no statute or case law holding that clarification of the application of a preexisting law amounts to a change or repeal of the law such that retroactive application would be an unconstitutional denial of due process.

Finally, Phillip-Valladares' alleged reliance on the petty-offense exception was unreasonable. Both at the time she pleaded guilty to grand theft and at the time she applied for cancellation of removal, the law regarding the application of the petty-offense exception to cancellations of removal under § 1229b(b)(1)(C) was not settled in Phillip-Valladares's favor. Thus, the BIA properly affirmed the

3

IJ's determination that Phillip-Valladares was ineligible for cancellation of removal.

**AFFIRMED**.