**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ANGELES HERNANDEZ-PULIDO, | No. 10-72796 |
| Petitioner, | Agency No. A088-502-157 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 14, 2014
Pasadena, California

Before: NOONAN, WARDLAW, and FISHER, Circuit Judges.

Angeles Hernandez-Pulido, a native and citizen of Mexico, petitions for

review of the decision of the Board of Immigration Appeals (BIA) affirming the

decision of the Immigration Judge (IJ) denying her applications for cancellation of

removal, withholding of removal, and relief under the Convention Against Torture

(CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252. Because the BIA

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

adopted the IJ's decision while adding its own reasons, we review both decisions. *Nuru v. Gonzales*, 404 F.3d 1207, 1215 (9th Cir. 2005). We deny the petition.

1. The BIA and IJ did not err in finding Hernandez statutorily ineligible for cancellation of removal. Hernandez admitted through counsel during proceedings before the IJ that she was convicted in 1999 of welfare fraud under Cal. Welf. & Inst. Code § 10980(c). This offense is a crime involving moral turpitude because intent to defraud is an element of the offense. *See In re Cortez*, 25 I. & N. Dec. 301, 306 (BIA 2010). Hernandez is therefore ineligible for cancellation. *See* 8 U.S.C. § 1229b(b)(1)(C); 8 U.S.C. § 1227(a)(2)(A)(i).

2. Nor did the BIA and IJ err in determining that Hernandez is ineligible for withholding of removal. Hernandez claimed that she would be subject to persecution on the basis of her membership in the particular social group of Americanized Mexicans returning from the United States. *See* 8 U.S.C. 1231(b)(3). However, returning Americanized Mexicans do not constitute a cognizable social group under the Immigration and Nationality Act. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (per curiam).

3. Substantial evidence supports the determination that Hernandez is ineligible for CAT relief. Hernandez submitted "generalized evidence of violence and crime in Mexico," which is insufficient to establish that it is more likely than

2

not that she will be tortured if returned there.  *Delgado-Ortiz*, 600 F.3d at 1152; *see* 8 C.F.R. 208.16(c)(2).

**4.** The IJ did not abuse his discretion in denying Hernandez's motion for a continuance.  *See Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008) (per curiam); 8 C.F.R. § 1003.29.  Hernandez sought a three-year continuance to allow her eldest U.S. citizen child, then nearly eighteen years old, to file an alien relative visa petition on her behalf upon reaching the age of twenty-one.  Here, "no relief was . . . immediately available," *Sandoval-Luna*, 526 F.3d at 1247, and Hernandez had no statutory right to pursue the relief in question, *see Ahmed v. Holder*, 569 F.3d 1009, 1013 (9th Cir. 2009).  Hernandez merely sought to preserve the possibility of pursuing discretionary relief at some point in the future.  The IJ was therefore within his discretion to deny her request "due to the length of time" that would elapse.

**PETITION DENIED.**